# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
SHARON RANDALL, as guardian ad litem for JAMAR BRYANT, a minor, and, SHARON RANDALL

## DEFENDANTS
CITY OF OAKLAND, a municipal corporation: et al.

(b) County of Residence of First Listed Plaintiff Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621
(510) 839-5200

Law Offices of Gayla B. Libet
486 41st Street, Suite 3
Oakland, CA 94609
(510) 420-0324

Attorneys (If Known)
JSC E-filing
ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury— Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / **Habeas Corpus:** | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | **IMMIGRATION** | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | (X) 440 Other Civil Rights / 555 Prison Condition | 463 Habeas Corpus – Alien Detainee | | |
| | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Plaintiffs were subjected to use of excessive force and wrongful detention by defendant police officers

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 100,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA

DATE 7-5-11

SIGNATURE OF ATTORNEY OF RECORD
Gayla B. Libet

JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
E-Mail: john.burris@johnburrislaw.com

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, Suite 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324
E-Mail: glibet@sbcglobal.net

Attorneys for Plaintiffs

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON RANDALL, as guardian ad litem for JAMAR BRYANT, a minor, and, SHARON RANDALL,

Plaintiff,

vs.

CITY OF OAKLAND, a municipal orporation; HOWARD JORDAN, in his capacity as Acting Chief of Police for CITY OF OAKLAND; and, DOES 1-25, inclusive, individually, and in their capacity as police officers for CITY OF OAKLAND,

Defendants.

Action N. CV 11 3288 JSC

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES**

**Jury Trial Demanded**

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

## PARTIES

2. Plaintiffs, JAMAR BRYANT and SHARON RANDALL are, and at all times herein mentioned were, citizens of the United States residing in the City of Oakland, in the County of Alameda, California.

3. Defendant CITY OF OAKLAND (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, HOWARD JORDAN, was the Acting Chief of Police for the CITY. Defendant, HOWARD JORDAN, is sued herein in his capacity as the Acting Chief of Police for the CITY.

4. At all times mentioned herein, defendants DOES 1 through 25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the wrongful and excessive use of force against plaintiff, the wrongful and false detention and arrest of plaintiff, and treating plaintiff in a manner that was racially discriminatory, as described hereinafter, said defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

5. DOES 1 through 10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiff, the wrongful and false detention and arrest of plaintiff, and treating plaintiff in a manner that was racially discriminatory, as described hereinafter.

6. DOES 11 through 25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training named defendant police officers employed by the CITY in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and

thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

## STATEMENT OF FACTS

9. On 7-2-09, at approximately between 12:30 p.m., plaintiff JAMAR BRYANT, an African-American young man, then 13 years old, was walking with his friend a few blocks from his residence on East 21st Street in Oakland, CA. At that time, four police cars drove up and one of the cars stopped right in front of plaintiff and his friend. Defendant officers DOES 1-10, inclusive, then wrongfully used excessive force on plaintiff, and wrongfully detained plaintiff, without any just provocation or cause. One of defendant DOE police officers got out of that police car and said to plaintiff, "Don't move." Then, the rest of defendant DOE officers got out of their cars and approached plaintiff. One of defendant DOE officers held plaintiff's hands behind his back and handcuffed them very tightly and painfully. Then defendant DOE officers searched plaintiff, including pulling out his pockets, taking plaintiff's wallet, searching around the ring of his boxer shorts, and patting him down, and having plaintiff take off his shoes and socks. Plaintiffs believe, and thereon allege, that defendant Oakland police officers DOES 1-10, inclusive, are of Caucasian or Latino descent.

10. Defendant officers DOES 1-10, inclusive, then forcibly pushed plaintiff into the back seat of a Oakland police car. Plaintiff was very scared and he was crying. One of defendant DOE officers then asked plaintiff if he had walked up to a black car. Plaintiff said, "No", and also stated that he had walked up to his mother's car, a silver Infiniti. One of defendant DOE officers responded saying, "Hold on". Some of the defendant officers then walked away. After approximately fifteen minutes, these defendant officers walked back to plaintiff and removed his handcuffs. When they were removed, plaintiff saw that he had deep red rings around his wrists. He also saw and heard neighbors yelling words to the effect of, "These are good kids. Let them go."

11. Then, one of defendant DOE Oakland police officers said to plaintiff JAMAR BRYANT, "Now when you go back to school you can say the police jacked you and you got away".

12. Directly before the subject incident involving JAMAR BRYANT and defendant officers occurred, JAMAR BRYANT's mother, plaintiff SHARON RANDALL, had driven up the street to where plaintiff and his friend were walking, a few blocks from their residence on East 21st Street in Oakland, CA. She was on her lunch break from her employment as a longshoreman. Her boyfriend was a passenger with her in her car, a silver Infiniti. When SHARON RANDALL drove up to plaintiff, he walked to her car in the street, and she handed him his weekly allowance through the open car window. SHARON RANDALL drove away, and made a right turn at the bottom of the hill.

13. At that time defendant officers DOES 1-10, inclusive, drove up behind her car. She stopped her car, and defendant officers asked her and her boyfriend to step out of the car. They complied with this request, and then her boyfriend was handcuffed and put into the back seat of an Oakland police car. SHARON RANDALL was standing on the passenger side of her car when one of defendant officers asked to see her driver's license, which she showed him. Said defendant officer also asked who her car belonged to; where was she coming from; and where was she going to. She complied and answered all of his questions.

14. Then, another defendant DOE officer, a woman, approached plaintiff SHARON RANDALL and told her to put her hands behind her back; plaintiff complied; and said defendant officer then handcuffed her. SHARON RANDALL kept asking, "What have we done?" She did not receive any response from defendant officers. Defendant officers then thoroughly searched her car, including her glove compartment and trunk. She gave defendant officers permission to search her work bag; and defendant officers then dumped the contents of her work bag all over the ground.

15. SHARON RANDALL told defendant officers that she was a longshoreman; was on her lunch break; and had just come home to surprise her son JAMAR BRYANT and give him allowance, and that she had just given him his allowance. When defendant officers finally realized that SHARON RANDALL and her boyfriend had done nothing wrong, they removed her handcuffs and his handcuffs.

16. JAMAR BRYANT and SHARON RANDALL had not done anything to provoke named defendant DOES 1-10, inclusive's assault and battery upon them, and did nothing to physically resist said defendant officers during the subject incident. Further, plaintiffs were unarmed. Additionally, plaintiffs complied with every demand and request given to them by defendant DOES 1-10, inclusive.

## DAMAGES

17. As a direct and proximate result of defendants' conduct, plaintiffs were injured and damaged, as set forth herein.

18. As a direct and proximate result of defendants' conduct, plaintiffs suffered the following injuries and damages:

   a. Violation of their constitutional reights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their person;

   b. Loss of physical liberty;

   c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

   d. Violations of the following clearly established and well-settled federal constitutional rights, including but not limited to: (1) Freedom from unreasonable search and seizure of persons under the Fourth Amendment to the United States Constitution; and, (2) Right to equal protection under the Fourteenth Amendment to the United States Constitution;

   e. The conduct of named defendant police officers and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officer employees of the CITY.

   f. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendant police officers DOES 1-10, inclusive)

19. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 18 of this Complaint.

20. In doing the acts complained of herein, defendant officers DOES 5-10, inclusive, acted under color of law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to:

   a. The right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY, HOWARD JORDAN, and DOES 11-25, inclusive)

21. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 20 of this Complaint.

22. Defendant CITY OF OAKLAND, by and through its supervisory employees and agents, HOWARD JORDAN, Acting Chief of Police for the CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, HOWARD JORDAN, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffs. CITY, HOWARD JORDAN, and DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant officers DOES 1-10, inclusive, in the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory; and/or failed to have adequate policies and procedures regarding the proper use of force; effecting proper arrests; and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force; wrongful false arrests; and treating citizens in a racially discriminatory manner by police officers employed by defendant CITY.

23. Based on information and belief, plaintiffs allege that prior to the date of the subject incident on 7-2-09, defendant Oakland police officers DOES 1-10, inclusive, had a history of engaging in acts of excessive force, effecting false arrests, and treating citizens in a racially discriminatory manner, of which defendants CITY, HOWARD JORDAN, and DOES 11-25, inclusive, knew or should have known. Based on information and belief, plaintiffs further allege that despite their knowledge of said defendant police officers' repeated and egregious misconduct, defendants CITY, HOWARD JORDAN,

and DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline said defendant Oakland police officers for said repeated and egregious misconduct.

24. The acts of defendant police officers DOES 1-10, inclusive, alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, HOWARD JORDAN, and DOES 11-25, inclusive, to violation of the constitutional rights of citizens by named defendant police officers herein. Plaintiffs' injuries were a foreseeable and proximate result of the deliberate indifference of the CITY, HOWARD JORDAN, and DOES 11-25, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

25. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in the sum of $ 100,000.00;
2. For special damages according to proof;
3. For punitive damages against defendant police officers DOES 1-10, inclusive, according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;
5. For costs of suit herein incurred; and,
6. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 7-5-11     By: _/s/ Gayla B. Libet_
GAYLA B. LIBET, Esq.
Attorneys for Plaintiffs